**United States District Court**
**District of Minnesota**
**Third Division**

Andre Tony Walls,

Plaintiffs

v.

Deanna Hiller, et al.,

Defendant

File No. 00-413 RHK/AJB

**SECOND ORDER TO TAKE ACTION**

---

This is the Court's second order to take action in this case. Previously, plaintiff had filed a "Notice of Lawsuit and Request for Waiver of Service of Summons" with respect to individual defendants Deanna Hiller and Michael Isaacson. Plaintiff also filed a "Waiver of Service of Summons." The Court noted in its previous order that it had not received any indication that the summons and complaint were personally served on any defendant named in this action, nor had received any documents to indicate that any defendant has agreed to waive personal service and acknowledge effective service by mail or any means other than personal service. The Court instructed plaintiff to accomplish personal service upon each defendant before August 1, 2000, or obtain effective waiver of personal service and acknowledgment of service from each defendant before August 1, 2000, or advise the Court in writing if good cause exists for noncompliance with the terms of this order. In response, plaintiff has submitted copies of U.S. Postal Service Certified Mail Receipts for correspondence he sent to defendants, along with additional copies of the "Notice of Lawsuit and Request for Waiver of Service of Summons" and "Waiver of Service of Summons" he submitted previously.

Plaintiff may be under the mistaken impression that defendants are under a duty to waive service of process. Federal Rules of Civil Procedure 4(d) imposes no such duty. In the event

FILED AUG 21 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

defendant does not waive service, the Court will hold defendant liable for fees incurred in effecting personal service. This does not, however, impose a duty on defendant to waive personal service. Defendants are entirely within their rights, therefore, if they refuse to waive service.

Plaintiff apparently misunderstood the Court's previous order. The fact that he mailed the "Notice of Lawsuit and Request for Waiver of Summons" to individual defendants does not constitute effective service unless defendants themselves sign and return to the Court or to plaintiff the "Waiver of Service of Process." If plaintiff is confused as to how to effect service, *the Court recommends that he send the Court a letter requesting that the Court direct a United States Marshall to effect service.* See Federal Rules of Civil Procedure 4(c)(2). Upon the Court's direction, a U.S. Marshall will then serve the complaint and summons on each of the defendants and submit the appropriate affidavit of service. If plaintiff does not promptly submit such a request, the Court requires one of the following:

1. A "Waiver of Service of Process" *signed by defendant*. Plaintiff has submitted waivers which he himself signed. This is ineffective because only the party being served can waive service. For this litigation to proceed against any defendant based on waiver, the Court must receive a signed waiver from *that defendant*; or

2. A signed affidavit of personal service on individual defendants. Federal Rules of Civil Procedure 4(l). Service may be made by any nonparty individual at least 18 years of age. To effect service, that person must personally deliver "a copy of the summons and of the complaint to the individual personally, or...leav[e] copies thereof at the [defendant's] dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or...deliver[] a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process. Federal Rules of Civil Procedure 4(e)(2). Service by mail does not qualify as effective personal service.

Plaintiff must submit one of the above no later than September 5, 2000. This is the

Court's final Order in this regard. If plaintiff fails to respond, or responds inappropriately, the Magistrate will recommend that this case be dismissed for lack of prosecution.

Dated: 8/21/00

Arthur J. Boylan
United States Magistrate Judge