**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

ANDRE TONY WALLS,

Plaintiff-Appellant,

v.

DEANNA HILLER, MICHAEL R. ISAACSON, and FEDERAL BUREAU OF PRISONS,

Defendant-Respondents.

Civil No. 00-413 (RHK/AJB)

**ORDER**

---

This matter is presently before the Court on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 37.) For the reasons discussed below, the Court concludes that (a) Plaintiff's IFP application should be granted, and (b) Plaintiff should be required to pay an initial partial filing fee, pursuant to 28 U.S.C. § 1915(b)(1), in the amount of $75.86.

Plaintiff is an inmate at the Federal Correctional Institution in Waseca, Minnesota. He is attempting to appeal this Court's dismissal of his complaint seeking relief for alleged violations of his federal constitutional rights.

Because Plaintiff is a prisoner, his IFP application is governed by the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA requires all prisoner litigants to pay the full $105 filing fee for an appeal, regardless of their financial circumstances. 28 U.S.C. § 1915(b)(1); see also Henderson v. Norris, 129 F.3d 481 (8th Cir. 1997); In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997). However, a prisoner who is financially eligible for IFP status under § 1915 will be excused from pre-paying the full $105 filing fee as a condition to filing an appeal, and will instead be required to pay the filing fee in installments.

FILED SEP 21 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

When a prisoner applies for IFP status on appeal, the Court must first determine whether the prisoner is "destitute;" i.e., whether he or she has "no assets and no means" by which to pay even a partial filing fee. 28 U.S.C. § 1915(b)(4). If the prisoner is found to be wholly destitute, then he or she will not have to pre-pay any part of the filing fee. If the prisoner is found not to be wholly destitute, then the Court must calculate and assess an "initial partial filing fee" pursuant to § 1915(b)(1). Henderson, 129 F.3d at 485. The remaining balance of the $105 filing fee is to be paid in installments pursuant to § 1915(b)(2).

A prisoner's IFP application will be denied regardless of his financial circumstances if the Court determines that his appeal is not taken "in good faith." 28 U.S.C. §§ 1915(a)(3) and 1915(e)(2); Fed. R. App. P. 24(a)(3); see also Henderson, 129 F.3d at 485 ("District courts should continue to certify pursuant to § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed in forma pauperis on appeal is or is not taken in good faith"). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In the instant case, the Court finds that Plaintiff is not wholly destitute, because, according to his IFP application, he is currently employed at the prison where he is confined, and he has been able to maintain (on average) a positive balance in prison trust account during the past six months. Because the average monthly deposit to his trust account during the past six months, ($379.31), has

been greater than his average monthly balance for the same period of time, ($63.22), Plaintiff's initial partial filing fee will be twenty percent of the former amount, which is $75.86, ($379.31 x 20% = $75.86). That amount is calculated to be, and assessed as, Plaintiff's initial partial filing fee, pursuant to § 1915(b)(1) and Henderson v. Norris. The remaining balance of the $105 filing fee will have to be paid in installments as provided by 28 U.S.C. § 1915(b)(2).

Although the Court remains fully satisfied that Plaintiff's complaint was properly dismissed, the Court does not find that the issues he apparently seeks to raise on appeal are legally "frivolous," as that term has been defined by the Supreme Court. Therefore, Plaintiff's appeal is found to be taken in "good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

(1) Pursuant to 28 U.S.C. § 1915(b)(1) and Henderson v. Norris, 129 F.3d at 485, Plaintiff's initial partial filing fee for the appeal in this matter is calculated and assessed to be $75.86;

(2) Plaintiff will be required to pay the $105 filing fee for his appeal in the manner prescribed by 28 U.S.C. § 1915(b); and

(3) Subject to the foregoing requirements pertaining to the payment of his filing fee, Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 37), is GRANTED.

Dated: September 21, 2001

RICHARD H. KYLE
United States District Court Judge